# IN THE COURT OF APPEALS OF IOWA

No. 20-0446
Filed July 21, 2021

**AARON LANCE SAMS,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Mahaska County, Crystal S. Cronk,

Judge.

Aaron Sams appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Ryan J. Mitchell of Orsborn, Mitchell, Goedken & Larson, P.C., Ottumwa,

for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.

Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**BOWER, Chief Judge.**

Aaron Sams was convicted of operating while intoxicated (second offense) after a jury trial. He was sentenced to a minimum term of seven days in jail and fined.

On direct appeal, Sams contended trial counsel was ineffective in failing to file a motion specifically challenging the sufficiency of the evidence. This court held, "[T]here is sufficient evidence to support the jury's finding Sams was under the influence of alcohol at the time he was stopped by the officer. Thus, Sams's trial counsel had no duty to move for a judgment of acquittal." *State v. Sams*, No. 16-0656, 2017 WL 1735645, at *2 (Iowa Ct. App. May 3, 2017).

Sams then filed an application for postconviction relief (PCR), claiming trial counsel was ineffective in failing to adequately impeach the arresting officer, failing to present evidence of alternate explanations for Sams's slurred and slow speech, and in failing to allow him to testify. After a hearing, the district court dismissed the PCR application finding:

> Sams has failed to make any showing that counsel failed to perform an essential duty. [Trial attorney] Stangl participated in cross-examination of the trial witness, discussed with Sams the advantages/disadvantages of testifying at trial before leaving the decision up to Sams, and the court of appeals has ruled upon the issue of the sufficiency of the evidence showing intoxication.

Sams now appeals, contending the district court erred in denying him PCR. He argues counsel did not point out every inconsistency in the arresting officer's incident report and trial statements, did not question the officer about Sams's speech problems or call attention to the medication Sams was taking, and did not "recognize the importance of the defendant testifying in his own defense."

On our de novo review, we affirm. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001) (specifying appropriate scope of review). The district court correctly found Sams has failed to meet his burden to prove his trial counsel was constitutionally defective. *See id.* at 142 ("To prevail on a claim of ineffective assistance of counsel, the applicant must demonstrate both ineffective assistance and prejudice."). Counsel diligently cross-examined the arresting officer and exercised reasonable trial strategy. Sams himself chose not to testify after conferring with counsel. In fact, he testified at the PCR hearing he decided he should testify only *after* the close of the evidence. We find no breach of duty.

Sams also contends PCR counsel was ineffective in failing to present evidence of the type of medication he was taking at the time of his arrest, which may have explained his nystagmus.[1] The record here is not adequate for us to evaluate the asserted claim and, therefore, we will not address it.

We affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(d)-(e).

**AFFIRMED.**

---

[1] *Nystagmus*, Stedmans Medical Dictionary 619540, Westlaw (database updated November 2014) ("Involuntary rhythmic oscillation of the eyeballs, either pendular or with a slow and fast component.").